**James Earl HINES, Petitioner,**

v.

**J.J. ENOMOTO, Director, California Department of Corrections, Respondent.**

**No. C–78–0664 WHO.**

United States District Court, N.D. California.

May 4, 1982.

---

James Earl Hines, in pro. per.

Ronald E. Niver, Deputy Atty. Gen., San Francisco, Cal., for respondent.

## OPINION AND ORDER

ORRICK, District Judge.

The *habeas corpus* petition of James Earl Hines, incarcerated since 1976 following his conviction in California state court on charges of kidnapping for purposes of robbery, assault with a deadly weapon, and attempted robbery, is before this Court for the third time on the identical issue. In *Blackledge v. Allison,* 431 U.S. 63, 83, 97 S.Ct. 1621, 1634, 52 L.Ed.2d 136 (1977) (concurring opinion), Justice Powell aptly observed:

"Our traditional concern for 'persons whom society has grievously wronged and for whom belated liberation is little enough compensation,' *Fay v. Noia,* 372 U.S. 391, 441, 83 S.Ct. 822, 850, 9 L.Ed.2d 837 (1963), has resulted in a uniquely elaborate system of appeals and collateral review, even in cases in which the issue presented has little or nothing to do with innocence of the accused. The substantial societal interest in both innocence and finality of judgments is subordinated in many instances to formalisms."

Justice Powell's misgivings are particularly appropriate to the instant case.

Petitioner filed a *habeas* petition with this Court on March 28, 1978. On September 27, 1978, this Court issued an order to show cause with respect to several of the claims, including the allegation that during *voir dire* the court clerk cut off petitioner's peremptory challenges after the thirteenth, rather than allowing him twenty-six challenges as provided under Section 1070 of the California Penal Code. On March 15, 1979, this Court filed an Order Denying Writ of Habeas Corpus. As to the trial court's improper limitation of peremptory challenges, this Court recognized that "peremptory challenges constitute an important part of the defendant's right to trial by jury," *id.* at 2, but ruled that the failure of petitioner's counsel to timely object to the error at trial constituted waiver and precluded petitioner from raising the issue as a ground for post-conviction relief. *Id.* at 2–3.

Considered carefully by this Court prior to its determination was a declaration submitted by petitioner's trial counsel which reads in part:

"I am aware, and *I know in terms of my knowledge at the time of the Voir Dire I was aware that one is entitled to twenty six challenges* in a case relating to the possibility of life imprisonment without the possibility of parole.

I presently have no independent recollection as to whether or not there were individuals remaining on the jury panel whom I would have excluded through challenges over and above the thirteen which I exercised."

Declaration of Peter G. Keane at 1–2, attached to "Plaintiff's Second Affidavit With Exhibit of Peter Keane's Affidavit for the Court File re Peremptory Challenges," filed February 27, 1979 (emphasis added).

Based upon this evidence, the Court found that trial counsel "was not dissatisfied with the number of peremptory challenges allowed to him." Order Denying Writ of Habeas Corpus, *supra*, at 2. Petitioner thereafter moved for reconsideration and this Court on March 24, 1980, filed an Order reaffirming the rejection of the peremptory challenge claim and the denial of the petition.

The Court of Appeals for the Ninth Circuit, granting petitioner's application for a certificate of probable cause, remanded the case to this Court for further proceedings on the issue of "whether * * * the failure of Hines' trial counsel to object to the cutoff of peremptory challenges satisfies the 'cause' and 'prejudice' requirements of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Hines v. Enomoto,* 658 F.2d 667, 673 (9th Cir.1981). The "cause" prong, the Court held, would be satisfied were the failure to object due to the ignorance or inadvertence of counsel, and the "prejudice" prong would be met by a showing that counsel "would have challenged another juror or jurors had he been aware of the remaining challenges." *Id.* at 673. In spite of this Court's factual finding and the declaration of trial counsel in the record before it, the Court of Appeals found that the evidence as to cause and prejudice was "inconclusive." *Id.* at 673.

At a loss as to what additional proceedings would put this matter to rest, this Court called upon counsel for suggestions. In response, on May 3, 1982, respondent filed an affidavit of Peter G. Keane. If it was not previously conclusive, the evidence is now conclusive beyond peradventure that counsel was aware that he had thirteen challenges remaining and chose not to exercise them because he was satisfied with the composition of the jury.

In his affidavit, counsel reiterates his awareness of the number of challenges that were available:

"At the time of the jury selection in Mr. Hines case, I knew clearly that we were entitled to 26 peremptory challenges and I kept this fact in mind throughout the jury selection process. * * * I never had any momentary lapse in which I inadvertently thought that we were entitled to 13 peremptory challenges."

Keane affidavit at 1–2. Counsel then explains his reason for foregoing any further challenges:

"I accepted the jury after 13 peremptory challenges because I felt that the 12 people who had been empaneled were a fair and impartial jury who would give Mr. Hines the best possible trial which he could receive, given all of the circumstances."

Keane affidavit at 2. Counsel concludes as follows:

"If I had wanted to challenge another juror, I would have done so at the time, since I knew that we had 13 peremptory challenges remaining. Had I wanted to exercise another peremptory challenge after challenge number 13 and had I been told by any court clerk, or by the prosecutor or by the judge that I had used all of my challenges, I would have immediately objected and called attention to the fact that I still had 13 remaining challenges."

This Court has never had reason to question the accuracy of the statements contained in either the declaration or the affidavit, particularly as they are substantially identical and concern a matter exclusively within the knowledge of an experienced and able trial lawyer. This Court therefore finds that petitioner has failed to demonstrate "cause," inasmuch as his counsel declined to object to the premature cutoff of peremptory challenges for sound tactical motives, rather than out of ignorance or inadvertence. This Court further finds that petitioner has not established "prejudice" in that his counsel, satisfied with the impartiality of the jury as then composed, would not have exercised further challenges had the trial court not erred. Perhaps at this late date, justice will insure both petitioner's and society's interest in "the certainty that comes with an end to litigation." *Sanders v. United States,* 373 U.S. 1, 24, 83 S.Ct. 1068, 1082, 10 L.Ed.2d 148 (1963) (Harlan, J., dissenting).

The petition for a writ of *habeas corpus* is DENIED.